UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES B. FAUST, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13295-IT |
| | * | |
| STEVEN TOMPKINS, *et al*., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

March 4, 2016

TALWANI, D.J.

I.   Introduction

Plaintiff James B. Faust ("Plaintiff") was an inmate at the Suffolk County House of Corrections. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights, alleging that Defendants unlawfully transferred him from the Suffolk House of Corrections to the Massachusetts Correctional Institution at Concord ("MCI-Concord"). Compl. [#1]. On January 7, 2016, Plaintiff was ordered to provide written notice of his current mailing address to the court and was warned that failure to comply could lead to *sua sponte* dismissal of his case for failure to prosecute. Order [# 72]. Plaintiff has not complied with the court's Order and has not provided the court with a current mailing address.

II.   Procedural History

Plaintiff's complaint was filed on August 8, 2014. Compl. [#1]. On February 20, 2015, Defendants Yolanda Smith and Steven Tompkins moved to dismiss the complaint for failure to state a claim. Mot. Dismiss [#32]. Plaintiff filed a timely opposition to this motion. On August 13, 2015, Defendants Luis S. Spencer, Carol A. Mici, Kathleen Ginnetty, Michael A. Thompson,

Dale Bissonnette, and Joann Lynds also moved to dismiss Plaintiff's complaint for failure to state a claim. Mot. Dismiss [#57]. Plaintiff filed timely oppositions to both motions, Opp'n Mot. Dismiss [# 34] and Opp'n Mot. Dismiss [# 62], and participated in the litigation through September 3, 2015, when he sent a letter [#65] requesting a hearing on Defendants' motions to dismiss. On September 4, 2015, the court granted Defendants' Motion to Stay Discovery Pending the Outcome of Defendants' Motion to Dismiss [#58] and denied Plaintiff's Motion to Compel [#59]. Order [#64]. The clerk mailed to Plaintiff at his address of record a copy of a docket sheet and the court's Order, but the mail was returned to the court as undeliverable. On September 29, 2015 the court allowed in part and denied in part Smith and Tompkin's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#32]. Mem. & Order [#67]  The clerk mailed the Memorandum & Order to Plaintiff at the same address of record, but that mailing was also returned as undeliverable.

On January 7, 2016, the court ordered Plaintiff to provide written notice of his current mailing address to the court by February 3, 2016, and was warned that failure to comply could lead to dismissal of the action for failure to prosecute. Order Update Address [#72].  This order was mailed to a new address—Recovery Facility, 234 Earl St., New Bedford, MA 02746—reportedly provided by Plaintiff to the Clerk's Office in connection with another action.[1]  Again, the court's mail was returned as undeliverable.

To date, Plaintiff has not provided the court with an updated address.

---

[1] According to the Magistrate Judge's Report and Recommendation in Faust v. Cousins, No. 13-cv-12032-FDS (D. Mass. Dec. 29, 2015), ECF No. 128, Faust "ha[s] been released from incarceration" and, on November 6, 2015, telephoned the Clerk's Office and provided the Recovery Facility Address.

III. <u>Analysis</u>

It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b); D. Mass. L.R. 41.1(b) (The Court may *sua sponte* give notice of a "hearing on a dismissal calendar for actions or proceedings assigned to that judge that appear not to have been diligently prosecuted," and may dismiss the case if the plaintiff fails to respond). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962). See <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]") (internal citation omitted) (citing <u>Cosme Nieves v. Deshler</u>, 826 F.2d 1, 2 (1st Cir. 1987)). While the court exercises this authority with caution, dismissal is appropriate in the case at hand. Without a current address for Plaintiff or Plaintiff's active participation, the court cannot effect the advancement of the case to a resolution on the merits. Accordingly, Plaintiff's failure to provide a current address and failure to comply with the court's <u>Order to Update Address</u> warrant dismissal of this action.

IV. <u>Conclusion</u>

It is hereby ORDERED that this case be DISMISSED without prejudice for failure to prosecute.

March 4, 2016                                  /s/ Indira Talwani
                                               United States District Judge

3